```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

NORMA BARROSA,                      )
          Plaintiff,                )
                                    )
     v.                             )C.A. No. 04-10631-GAO
                                    )
GEORGE W. BUSH,                     )
          Defendant.                )
                                    )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to pay the filing fee for this action or submit an application to proceed without prepayment of fees within 35 days of the date of this Order. If plaintiff takes either action, she also is directed to demonstrate good cause why this action should not be dismissed.

FACTS

On March 29, 2004, plaintiff Norma Barrosa filed a nine-page complaint and a copy of a motion seeking a Chapter 209A restraining order against her husband. It appears that this motion was previously filed by Barrosa in a pending divorce action in Essex County Probate and Family Court.

Barrosa claims that President Bush has abused his executive power "to cause physical and emotional pains conducive to death, and embezzlement by fraudulent means." Complaint, p. 3. She also claims (1) that she is in the process of divorcing her husband; (2) that he has raped her; (3) that he has sexually abused one of their children;

(4) that she has been arrested several times by the Manchester police, allegedly at the behest of President Bush; and (5) that she is an Angel of God.  Id. at p. 3-8.

## ANALYSIS

I.  Barrosa Has Not Paid the Filing Fee
    For This Action Nor Has She Sought a Waiver of It

A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or (2) file an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).  The Court provides a standardized form titled "Application to Proceed Without Prepayment of Fees and Affidavit" for fee waiver requests.

Barrosa has not paid the filing fee for this action and has not sought a waiver of it.  Therefore, she will be granted additional time to pay the fee or seek a waiver of it.  However, if she takes either action she also is directed to demonstrate good cause why this action should not be dismissed.

II. Plaintiff's Claims Lack
    An Arguable Basis In Law or Fact

A district court may sua sponte dismiss a non-prisoner complaint, regardless of whether payment of the filing fee has been

received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption.  Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted); cf. Bell v. Hood, 327 U.S. 678, 682-83(1946) (observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous."); Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) (court could sua sponte dismiss complaint under standards for in forma pauperis actions even though plaintiff paid the filing fee).

Here, plaintiff is essentially seeking review of issues related to a divorce action currently pending in state court and many, if not all, of her allegations clearly appear to lack any arguable basis in fact.  Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (claims lack an arguable basis in fact when they describe fantastic or delusional scenarios); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible).[1]

---

[1] Because I am contemplating dismissal on this basis, I will not consider other possible bases of dismissal such as Younger abstention, Presidential immunity from damages for official acts, and the domestic relations exception to diversity jurisdiction.  See, e.g., Younger v. Harris, 401 U.S. 37, 54 (1971) (absent bad faith, harassment, or a patently invalid state statute, federal courts

CONCLUSION

ACCORDINGLY, plaintiff is directed to pay the $150.00 filing fee for this action or file an application for waiver of the filing fee within 35 days of the date of the Order or this action will be dismissed without prejudice.  If plaintiff takes either action, she also is directed to demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above.

The Clerk is directed to send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit with a copy of this order.


Dated at Boston, Massachusetts, this 12th day of April, 2004.


                                  s/ George A. O'Toole, Jr.
                                  GEORGE A. O'TOOLE, JR.
                                  UNITED STATES DISTRICT JUDGE

---

should refrain from taking action impacting pending state criminal proceedings when there is an adequate remedy at law and denial will not result in irreparable injury); Moore v. Sims, 442 U.S. 415, 423-426 (1979) (Younger abstention applies to child custody proceedings); Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996) (stating that if Younger applies, abstention is mandatory); Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) (the President of the United States "is entitled to absolute immunity from damages liability predicated on his official acts); Ankenbrandt v. Richards, 504 U.S. 689, 699-703 (1992) (describing the domestic-relations exception to diversity jurisdiction).