```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

NORMA BARROSA,                  )
          Plaintiff,            )
                                )
     v.                         )C.A. No. 04-10631-GAO
                                )
GEORGE W. BUSH,                 )
          Defendant.            )
                                )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

FACTS

On April 12, 2004, I directed plaintiff Norma Barrosa to either pay the filing fee in this action or seek a waiver of it, and if she took either action, to demonstrate good cause why this action should not be dismissed as lacking an arguable basis in law or fact. Barrosa paid the filing fee and submitted a "statement of good cause" on April 20, 2004.

In her complaint, Barrosa claimed that President Bush had abused his executive power "to cause physical and emotional pains conducive to death, and embezzlement by fraudulent means." Complaint, p. 3. She also claimed (1) that she was in the process of divorcing her husband; (2) that he had raped her; (3) that he had sexually abused one of their children; (4) that she had been arrested several times by the Manchester police, allegedly at the behest of President Bush; and (5) that she was an Angel of God. Id. at p. 3-8.

In her response, plaintiff repeatedly contends that President

Bush lacks "official immunity" and makes a number of assertions concerning seemingly random events such as the 2002 selectman elections in Manchester by the Sea and President Bush's alleged actions in contacting France and communicating information about plaintiff.  Response, p. 1-2.

## ANALYSIS

After carefully reviewing plaintiff's response, I find that plaintiff has failed to demonstrate why this action should not be dismissed as lacking any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (claims lack an arguable basis in fact when they describe fantastic or delusional scenarios); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible).[1]  Therefore,

---

[1] I note once again that because I am dismissing on this basis, I need not consider other possible bases of dismissal at this time such as Younger abstention, Presidential immunity from damages for official acts, and the domestic relations exception to diversity jurisdiction.  See, e.g., Younger v. Harris, 401 U.S. 37, 54 (1971) (absent bad faith, harassment, or a patently invalid state statute, federal courts should refrain from taking action impacting pending state criminal proceedings when there is an adequate remedy at law and denial will not result in irreparable injury); Moore v. Sims, 442 U.S. 415, 423-426 (1979) (Younger abstention applies to child custody proceedings); Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996) (stating that if Younger applies, abstention is mandatory); Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) (the President of the United States "is entitled to absolute immunity from damages liability predicated on his official acts); Ankenbrandt v. Richards, 504 U.S. 689, 699-703 (1992) (describing the domestic-

the complaint shall be dismissed.  <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted) (district court may <u>sua sponte</u> dismiss a non-prisoner complaint, regardless of whether payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption); <u>cf.</u> <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946) (observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous."); <u>Tyler v. Carter</u>, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) (court could <u>sua sponte</u> dismiss complaint under standards for <u>in forma pauperis</u> actions even though plaintiff paid the filing fee).

## CONCLUSION

ACCORDINGLY, the complaint is DISMISSED for the reasons stated above.

Dated at Boston, Massachusetts, this <u>6th</u> day of  <u>May</u>, 2004.

      /s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

---

relations exception to diversity jurisdiction).